## MARIA A. ABBOTT *vs.* LEONARD CONVERSE.

*An emancipation of a minor child by parol agreement and without consideration is revocable, until acted upon.*

CONTRACT brought by a minor to recover the value of her services for five years, while in the employment of the defendant

At the trial in the superior court, before *Vose,* J., there was evidence tending to show that in 1855, within a month before the services in question began, and when the plaintiff was thirteen years old, her father told her that she was old enough to earn her own living, and he would give her time to her, and she might have what wages she could earn. After this time, her mother was sick for several weeks, during which time the plaintiff did not leave her father's family, and there was no evidence to show that she did anything towards her own support. The plaintiff testified that afterwards the defendant came to the house where she was, and told her to go and live with him and he would do well by her; that she objected, and her grandmother told her she must go, and she went and remained in his family performing services for five years. There was also evidence tending to show that within two weeks after the plaintiff went to the defendant's house her father made a verbal contract with the defendant that the latter should keep her in his family till she was eighteen years old, treating her as one of the family, and no compensation for her services was reserved in the contract: and that, on one or more occasions, she expressed a wish or intention to leave the defendant's service, and that he induced her to remain by promises " to do well by her, or give her a good setting out, or remunerate her for her services."

There was also conflicting evidence in the case as to whether the defendant's treatment of the plaintiff was such as would be a fulfilment of his contract with her father; whether the plaintiff when she first entered the defendant's service informed him that her father had given her time to her; whether the defendant at a subsequent time informed her that if she did not do well he

was under no obligations to keep her, and that there was no contract; and whether at another time when she proposed to leave his family he told her that she could not go, and that he had writings which would hold her. The defendant testified that he had not seen her father since the time when the contract with her was made, and the plaintiff testified that she did not know where he lived; and it appeared that in 1855 he removed from the place where he had until then lived.

The plaintiff asked the court to instruct the jury that if she had been emancipated by her father, and afterwards performed labor and services for the defendant without any knowledge of a contract between her father and the defendant, she was entitled to recover the value thereof; that the verbal contract for her services, even if she had not been emancipated, was not binding upon either party to it, and if, on her proposing to leave the defendant's service, he induced her to remain by promises of remuneration, or by stating that he had writings which would hold her, he would be liable to her for the value of her services from the time of making such promise or statement; that if he at any time induced her to enter or remain in his service by promising that he would do well by her if she would do so, he would be liable to her for the value of her services from the time of making such promise; that if, after her time was given to her by her father, she entered into the defendant's service at his request, she was entitled to recover of him the value of her services, even though he afterwards made a contract with her father for her services; and that the verbal contract between her father and the defendant being void, if the defendant had not fully executed it, she was entitled to recover the value of her services, if the jury were satisfied that her father abandoned all care of her from the time she entered the defendant's service.

The judge declined to make any of the rulings asked for, and instructed the jury that if the plaintiff's father told her she might have her own time and earn her living, he had a right to revoke the license at any time before she availed herself of it or acted upon it; and if, while she remained in his family, and before she had acted upon that license, he placed her in the care of the

defendant, on the terms represented by the latter, although without express notice to her, and she then went into the defendant's family, this would be such a revocation, and his usual legal control over her and her service would continue, subject to his agreement with the defendant; that it was important for the jury to determine whether she went into the defendant's family voluntarily, or by compulsion of her friends, before the contract, if any, was made between him and her father; and if she went by compulsion of her friends, and not voluntarily, in pursuance of some contract between herself and the defendant, it would not be such an acting upon the emancipation as would prevent a revocation thereof by her father, and she would not be entitled to recover, if he made the contract with the defendant which it was alleged he made; that if she went into the defendant's service under a contract between her father and the defendant, a subsequent promise by the latter to pay her for her services or to do well by her, or a failure by him to fulfil the contract with her father in some particulars, would not entitle her to recover in this action.

The jury returned a verdict for the defendant, and, in reply to two questions specially submitted to them, found that the plaintiff did not voluntarily enter into the service of the defendant, and that he induced her to remain in his service by promising to do well by her, or to give her a good setting out, or to remunerate her for her services. The plaintiff alleged exceptions.

*A. L. Soule,* for the plaintiff, cited *Jenney* v. *Alden,* 12 Mass. 375; *Nightingale* v. *Withington,* 15 Mass. 271; *Whiting* v. *Earle,* 3 Pick. 201; *Corey* v. *Corey,* 19 Pick. 29; *Morse* v. *Welton,* 6 Conn. 547; *Hill* v. *Hooper,* 1 Gray, 131; *King* v. *Welcome,* 5 Gray, 41.

*H. Morris,* (*C. A. Winchester* with him,) for the defendant, cited *Benson* v. *Remington,* 2 Mass. 113; *Nightingale* v. *Withington,* 15 Mass. 274; *Sumner* v. *Sebec,* 3 Greenl. 223; *Cahill* v. *Bigelow,* 18 Pick. 369; *Swett* v. *Ordway,* 23 Pick. 268; *Clinton* v. *York,* 26 Maine, 167; *Perlinau* v. *Phelps,* 25 Verm. 480; *Regina* v. *Smith,* 16 Eng. Law & Eq. 221; Gen. Sts. c. 110,

§ 5; *c.* 111, § 3; *Farnsworth* v. *Wakefield*, 12 Cush. 514; *Kauf-felt* v. *Moderwell*, 21 Penn. State R. 222; *Bray* v. *Wheeler*, 29 Verm. 514.

CHAPMAN, J.   The English books furnish very little light on the subject of the emancipation of minor children by their father. In this country, there have been judicial decisions in respect to it, in several states.   The most important cases are those cited by counsel in this case, and others referred to in Reeve's Domestic Relations, (3d ed.) 291, *n.*   These cases establish the doctrine that a father may emancipate his child for the whole remaining period of minority, or for a shorter term; that the emancipation may be by an instrument in writing, by verbal agreement or license, or by implication from his conduct; and that the emancipation is valid against creditors, and to some extent against the father.   The present case raises a question as to the right of the father to revoke such emancipation.   On this question we do not find any judicial decision.   In *Kauffelt* v. *Moderwell*, 21 Penn. State R. 222, there is a *dictum* that " the private arrangement between the father and son is revocable at the father's pleasure;" but this cannot be true as a general proposition.

The basis of the father's right to the services of his children is his duty to support and educate them.   But this duty is subject to many modifications growing out of the circumstances and conduct of the parties, and the right is not absolute or inalienable. It may be forfeited by misconduct, but cases may arise where the forfeiture would be held to be temporary.   The cases referred to establish the doctrine that it may be transferred to the minor. It is to be regarded as being in the nature of property ; and as a minor may hold other property independently of his father, there seems to be no valid reason why he may not thus hold the right to his own time and earnings.   As he may hold it by a contract with his father under seal, or for a valuable consideration, there is no more reason for holding that the father may revoke this contract, at his pleasure, than any other contract. On principle, he should be as fully bound by it as by a conveyance of land or other property to his child.   As it may be held

by gift or license without any consideration, there is no reason why the gift, when accepted, should be any more revocable, without the consent of the donee, than other gifts. But a gift is not binding on the donor until it is accepted; and the acceptance of a gift of this character must be by acting upon it. Until it is acted upon, it must, from the nature of the case, be revocable.

The present action is brought on the assumption that the plaintiff has been emancipated by her father's parol agreement, without consideration; and the court are of opinion that the jury were rightly instructed that it was revocable at any time before the plaintiff had availed herself of it, or acted upon it. If her services were rendered to the defendant under a contract made with her father, he only can bring an action to recover the amount due for them, and this action cannot be maintained.

*Exceptions overruled.*